IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.S. LeClair Company, Inc.,      :

      Plaintiff,           :

    v.                     :Case No. 2:15-cv-2421

                           :CHIEF JUDGE EDMUND A. SARGUS, JR.
Aristides Jurado,                 Magistrate Judge Kemp

      Defendant.           :

REPORT AND RECOMMENDATION

This case is before the Court to consider plaintiff LeClair Company, Inc.'s motion to remand (Doc. 8) and supplemental motion to remand (Doc. 17).  Also before the Court is a motion for leave to proceed *in forma pauperis* (Doc. 1), a motion to set and vacate (Doc. 10), and a motion for sanctions and attorneys' fees (Doc. 11) filed by defendant Aristides Jurado.  On July 20, 2015, with the agreement of the parties, this Court ordered that all proceedings other than briefing on the motion to remand are stayed pending the decision on the motion to remand.  (Doc. 15). For the following reasons, the Court will recommend that the motion to remand and supplemental motion to remand be granted.

I.  Background

On October 15, 2013, LeClair Company, Inc. d/b/a Brooksedge Day Care Center-Hilliard ("Brooksedge") filed suit in Franklin County Court of Common Pleas against Mr. Jurado.  The lawsuit pertains to the care of Mr. Jurado's minor child, who is enrolled in a day care program operated by Brooksedge.  Brooksedge alleges that the child was enrolled in its day care program by his mother, who is not married to Mr. Jurado.  Brooksedge also alleges that Mr. Jurado seeks to have his child moved from Brooksedge to another day care center or to his own care, but he

has been prevented from doing so by the Franklin County Court of
Common Pleas Division of Domestic Relations and Juvenile Branch.
Brooksedge claims that Mr. Jurado filed numerous unwarranted and
false reports with various agencies and persons in an effort to
have his child removed from Brooksedge's care.  Brooksedge
alleges that, in filing such false reports, Mr. Jurado engaged in
abuse of process and tortiously interfered with Brooksedge's
business relationships.  Brooksedge seeks preliminary and
permanent injunctive relief against Mr. Jurado.

On June 16, 2015, Mr. Jurado filed in this Court a motion to
proceed *in forma pauperis* and a notice of removal, purportedly
based on this Court's federal question jurisdiction.  Mr. Jurado,
proceeding pro se, states that removal is proper because
Brooksedge filed the lawsuit for the purpose of retaliating
against him in violation of his civil rights.  Mr. Jurado also
asserts that removal is proper because Brooksedge has used the
lawsuit to create a chilling effect on his First Amendment rights
and to interfere with his access to the courts.  According to Mr.
Jurado, the lawsuit commenced by Brooksedge is a Strategic
Lawsuit Against Public Participation.

On June 22, 2015, Brooksedge filed a motion to remand to
state court.  (Doc. 8).  In the motion, Brooksedge contends that
Mr. Jurado waived any right to removal by failing to remove the
case within thirty days of being served with Brooksedge's
complaint.  Brooksedge further asserts that Mr. Jurado filed the
notice of removal after the Court of Common Pleas had issued its
final judgment on June 10, 2015.  Based upon the foregoing,
Brooksedge seeks remand to state court and an order awarding it
costs and attorneys' fees in the amount of $1,650.00.

On July 13, 2015, Mr. Jurado filed an amended notice of
removal.  (Doc. 12).  In the amended notice of removal, Mr.
Jurado states that Brooksedge's retaliatory conduct violates his

civil rights under federal law.  Mr. Jurado further asserts that
he "is denied or cannot enforce his federal rights in state
courts."  Id. at 3.  Finally, Mr. Jurado claims that he is
challenging the constitutionality of state law and has claims
arising under Title II of the Americans with Disabilities
Amendments Act ("ADAAA") and Section 504 of the Rehabilitation
Act.

On July 31, 2015, Brooksedge filed a supplemental motion to
remand.  (Doc. 17).  In the supplemental motion to remand,
Brooksedge generally asserts that removal is improper because the
complaint does not state a federal question, there is no
diversity jurisdiction, and a final judgment has been rendered in
the state action.  In addition, Brooksedge now requests that the
Court order Mr. Jurado to pay $3,250.00 in attorneys' fees and
costs, as opposed to the $1,650.00 in attorneys' fees and costs
that it requested previously.

## II.  Discussion

Removal is a process by which certain cases filed in a state
court may be brought, by the defendant, to a federal court such
as the United States District Court.  The right to removal is a
statutory right, meaning that Congress has created the procedures
by which a case can be removed.  Congress, of course, cannot
create federal court jurisdiction - only Article III of the
United States Constitution can do that - but it can pass laws
which govern how cases which may constitutionally be heard by a
federal court can be filed in such a court, and the removal
statutes do exactly that.

The general right to remove a case filed in a state court is
set forth in 28 U.S.C. § 1441(a).  That statute says:

> (a) Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of
> which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United
States for the district and division embracing the place
where such action is pending.

This statute means what it says - that in order for a case to be
removed from a state court to a federal court, the state case has
to be one over "which the district courts of the United States
have original jurisdiction...."  The question then becomes
whether the action that Brooksedge filed in the Franklin County
Court of Common Pleas is one which could originally have been
filed here *by the plaintiff*.  If not, Mr. Jurado did not have the
statutory right to remove it.

Before addressing that question, a few comments on the
removal statute are in order.  First, the Court almost always has
to look just at the complaint filed by the state court plaintiff
to see if the case can be removed - that is, to see if the
complaint states a claim that could initially have been filed in
a federal court if the plaintiff (here, Brooksedge) had chosen to
do that.  This is called the "well-pleaded complaint" rule.  As
the Supreme Court has explained it, this rule requires that a
federal law controversy "must be disclosed upon the face of the
complaint, unaided by the answer or by the petition for removal."
Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936).  Some
exceptions to that rule exist, but they are reserved for those
situations where some other federal law, like ERISA (which
governs employee welfare and insurance plans offered by
employers) so completely covers a particular area of law that
there are no state law claims left for a plaintiff to plead, only
federal ones.  These situations are rare, and appear so far to be
limited to "two categories of cases where [the Supreme] Court has
found complete pre-emption - certain cases under the LMRA [the
Labor-Management Relations Act] and ERISA...."  Beneficial Nat'l
Bank v. Anderson, 539 U.S. 1, 8 (2003).

It is more common that even when a complaint does not plead any type of claim over which a federal court would have jurisdiction, the state court defendant might have a defense to the plaintiff's claim which arises under federal law.  But the well-pleaded complaint rule does not allow the federal court to look at defenses in deciding if a case can be removed.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).  Also, the federal courts have to read the removal statutes narrowly - that is, the federal courts must resolve any doubts about removability in favor of keeping a case in the state court - because removing a case interferes with the state court's jurisdiction.  See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); see also Long v. Bando Mfg. Co. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("because they implicate federalism concerns, removal statutes are to be narrowly construed").

One of the more common reasons that a case is removed from state to federal court is that the case falls within what is called "federal question jurisdiction."  Article III of the Constitution gives the federal courts the power to hear cases which arise under the Constitution, laws or treaties of the United States, and Congress has authorized federal District Courts to exercise "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  So, do Brooksedge's claims against Mr. Jurado arise under a law of the United States?

Clearly, neither the original complaint nor the amended complaint themselves contain any federal law claims.  In the original complaint, Brooksedge sued Mr. Jurado for malicious prosecution, abuse of process, and tortious interference with business relationships.  In the amended complaint, Brooksedge eliminated its malicious prosecution claim and maintained its

abuse of process and tortious interference claims.  All of
Brooksedge's claims arise purely under state law.  Although Mr.
Jurado appears to be claiming that Brooksedge has violated his
rights under federal law, "it is well settled that federal
counterclaims and defenses are 'inadequate to confer federal
jurisdiction....'" Chase Manhattan Corp. v. Smith, 507 F.3d 910,
914 (6th Cir. 2007) (quoting Merrell Dow Pharm. v. Thompson, 478
U.S. 804, 808 (1986)).  As the Court stated previously, the
federal court has to look at the complaint and not to any
defenses in order to determine if a case could have been filed
here originally (and therefore removed if it was filed in state
court instead).  Consequently, whether Mr. Jurado may have a
defense or counterclaim based on federal law is simply not
something that the Court can take into account.  Despite Mr.
Jurado's arguments to the contrary, he is able to assert his
rights arising under federal law in state court, and the courts
of Ohio are both bound to follow federal law and have the
jurisdiction to decide federal law questions.  That is, "State
courts have both the power and duty to enforce obligations
arising under federal law ...." Society Nat'l Bank v. Kienzle,
11 Ohio App.3d 178, 181 (Cuyahoga Co. App. 1983), citing Claflin
v. Houseman, 93 U.S. 130 (1876); Testa v. Katt, 330 U.S. 386,
391-93 (1947).  Mr. Jurado is just prevented from using such a
defense or a counterclaim to remove the case to this Court.

    The notice of removal seems clearly to rely only on federal
question jurisdiction as the basis of removal.  However, even if
Mr. Jurado were claiming diversity jurisdiction under 28 U.S.C.
§1332(a) as an alternate basis for removal, the record does not
support federal jurisdiction based upon these facts.  Because
Brooksedge and Mr. Jurado are both citizens of Ohio, Mr. Jurado
is unable to satisfy the statute's requirement that the civil
action be "between ... citizens of different states...."  28

U.S.C. §1332(a)(1).  Thus, diversity jurisdiction cannot provide
a basis of removal.  Based upon the foregoing, the Court will
recommend that the motion to remand and supplemental motion to
remand be granted.

The Court now turns to Brooksedge's request for attorneys'
fees under 28 U.S.C. §1447(c).  A remand of the case "may require
the payment of just costs and any actual expenses, including
attorney fees, incurred as a result of removal." 28 U.S.C.
§1447(c).  The decision to award such fees "turns on the
reasonableness of the removal."  Martin v. Franklin Capital
Corp., 546 U.S. 132, 141 (2005).  That is, "[a]bsent unusual
circumstances, courts may award attorney's fees under §1447(c)
only where the removing party lacked an objectively reasonable
basis for seeking removal."  Id.  For the reasons set forth
above, Mr. Jurado lacked an objectively reasonable basis for
removal.  In addition, Mr. Jurado's notice of removal was
untimely.  Here, Brooksedge filed its initial complaint on
October 15, 2013 and an amended complaint on December 27, 2013.
Consequently, when Mr. Jurado filed his notice of removal on June
17, 2015, he was well beyond the thirty-day period set forth in
28 U.S.C. §1446(b).  Indeed, as argued by Brooksedge, Mr. Jurado
filed his notice of removal a week after the state court issued a
final appealable order and terminated the state court case on
June 10, 2015.  Given that the removal was not objectively
reasonable and was untimely, the Court finds that an award of
attorneys' fees and costs is warranted.  See Chase Manhattan
Mortgage Corp. v. Smith, 507 F.3d 910 (6th Cir. 2007)(finding an
award of attorneys' fees and costs was warranted where pro se
mortgagors lacked an objectively reasonable basis for removal).
However, the Court finds that the $3,250.00 requested by
Brooksedge is excessive in light of the time necessary to seek to
seek remand in this case.  Accordingly, the Court, in its

-7-

discretion, will recommend that the award of attorneys' fees and costs be reduced to a total award of $1,500.00.

### III.  Conclusion

For the reasons set forth above, the Court recommends that Brooksedge's motion to remand (Doc. 8) and supplemental motion to remand (Doc. 17) be granted.  The Court also recommends that Brooksedge be granted a total award of $1,500.00 in attorneys' fees and costs.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge