UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.S. LECLAIR COMPANY, INC.,

    Plaintiff,

v.

Case No. 2:15-cv-2421
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

ARISTIDES JURADO,

    Defendant.

## OPINION & ORDER

On October 16, 2015, the Magistrate Judge issued a Report and Recommendation in this case recommending that the Plaintiff's Motion to Remand (ECF No. 8) and Supplemental Motion to Remand (ECF No. 17) be granted (ECF No. 20; the "Report and Recommendation"). The Report and Recommendation advised the parties that failure to object within fourteen days would result in a waiver of review. The time period for objections ran and no party objected to the Report and Recommendation. Accordingly, on November 24, 2015, the Report and Recommendation was adopted and the action was remanded to state court (ECF No. 21). Judgment was entered, pursuant to the Order and the case was closed (ECF No. 22).

On December 18, 2015, Defendant filed a Notice of Appeal (ECF No. 23). On December 22, 2015, Defendant filed a Motion for Reconsideration of the Order Adopting the Report and Recommendation (ECF No. 26; the "Motion for Reconsideration"). On January 12, 2016, Defendant filed a motion for leave to appeal *in forma pauperis* (ECF No. 27).

The Sixth Circuit "first prescribed a procedure to be utilized when a Rule 60(b) motion is filed in the district court while an appeal is pending in the court of appeals in *First National Bank*

1

*of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976)." *Adkins v. Jeffreys*, 327 F. App'x 537, 539 (6th Cir. 2009). "Under the procedures outlined in *Hirsch*, where a party wishes to file a Rule 60(b) motion but has already filed a notice of appeal,

> the proper procedure is for him to file his motion in the [d]istrict [c]ourt. If that court indicates that it will grant the motion, the appellant should then make a motion to this court for a remand of the case in order that the [d]istrict [c]ourt may grant the motion...."

*Id* (quoting *Hirsch*, 535 F.2d at 346). The appeal will be considered "in regular course" if the district court does not grant the motion. *Id*. Moreover, "[t]he decision of whether to consider the post-judgment motion while an appeal is pending is within the district court's discretion, and there is no error if the district court decides to let the appeal run its course." *Id* (citing *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

The Court hereby determines that it lacks jurisdiction due to the Notice of Appeal and is not inclined to grant relief. The Motion for Reconsideration (ECF No. 26) is **DENIED**.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith when "a jurist of reason could find it debatable whether this Court is correct in its ruling." *Barton v. Kern*, No. 1:09–CV–00353, 2012 WL 3150940, at *4 (S.D. Ohio Aug. 2, 2012). In this case, for the reasons stated within the Report and Recommendation, the Court certifies that Plaintiff's appeal is not taken in good faith. Accordingly, Defendant's Motion (ECF No. 27) is **DENIED**. Defendant's Motion to Expedite (ECF No. 28) is **DENIED as MOOT**.

IT IS SO ORDERED.

6-15-2016
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT CHIEF JUDGE

2